(C. D. 122)

ALBERS BROS. MILLING CO. *v.* UNITED STATES

United States Customs Court, Third Division

(Decided March 9, 1939)

*Harper & Harper (Abraham Gottfried* of counsel) for the plaintiff.
*Joseph R. Jackson,* Assistant Attorney General *(Daniel I. Auster, Richard E. FitzGibbon, John J. McDermott,* and *Samuel D. Spector,* special attorneys), for the defendant.

Before CLINE, EVANS, and KEEFE, Judges

EVANS, Judge: This cause is before us on a rehearing of our decision published as T. D. 49374, 73 Treas. Dec. 153, where the facts are stated. Both sides moved for a rehearing, neither being satisfied with the holding of that decision that the merchandise be assessed on the basis of a segregation of the proportion of seeds found to have germinating qualities.

The record showed that by tests made but 54 per centum of the imported commodity germinated. A reexamination of the testimony discloses that this fact cannot be readily ascertained by the customs officials, but that it requires a period of from eight to twelve days to

accomplish accurate results in such tests. We therefore feel that our position in holding that the merchandise was segregable for duty purposes was unsound and we hereby modify our opinion in that respect.

The question then to be determined is whether or not merchandise of such low germinating quality as not to be salable in this country as seed, in fact if sold as seed such sale would be a violation of the Federal Seed Act, and, further, which under the terms of that statute cannot be imported as seed, should for the purpose of assessment of duty be classified as seed, or whether such a commodity which has gone through a kiln drying process for the purpose of reducing the moisture content, that it might be shipped with safety, should be held dutiable as either an unenumerated unmanufactured article, or as an unenumerated manufactured article.

The record discloses that this merchandise was imported and actually was used for making poultry and stock feed. It could not be sold under the Federal Seed Act as seed, and to have done so would have subjected the importer to liability of criminal prosecution. It is our opinion that Congress intended to levy duty under paragraph 763 of the Tariff Act of 1930 only on such "other grass and forage crop seeds not specially provided for" as would meet the qualifications for seeds on importation and sale as established by the Federal Government. That must be so since, as the court stated in the case of *United States* v. *Albers Bros. Milling Co. et al.* in 19 C. C. P. A. (Customs) 88, T. D. 45226,

* * * the seeds provided for in these paragraphs, as far as affects the issue herein involved, are only to be regarded as seeds if they still retain their germinating qualities.

It is true the issue in that case is not the same as the issue here but these principles apply with equal force here. If the germinating quality of this importation is not sufficient to meet the statutory definition of seeds, then it ought not to be so classified. The importer ought not to be mulcted in extra duty when he had no intention of importing seeds nor of selling the merchandise as seeds, but was only seeking raw material from which to make feed.

We do not believe the kiln drying constituted a manufacture. It is therefore our opinion that this merchandise should have been classified as an unenumerated, unmanufactured article and should be held dutiable at the rate of 10 per centum ad valorem under the provisions of paragraph 1558, *supra*, as claimed by the plaintiff.

Judgment will be rendered accordingly. It is so ordered.