(C. D. 313)

SOKOL & CO. *v.* UNITED STATES

United States Customs Court, Third Division

(Decided April 5, 1940)

*G. W. R. Wallace; Barnes, Richardson & Colburn*, Associate Counsel (*Joseph Schwartz* of counsel), for the plaintiffs.
*Webster J. Oliver*, Assistant Attorney General (*Samuel D. Spector*, special attorney), for the defendant.

Before CLINE, EVANS, and KEEFE, Judges

EVANS, Judge: This is an action against the United States brought to recover money claimed to have been illegally collected and paid upon an importation of sesame seed. The collector of customs at the port of Chicago allowed free entry under the Tariff Act of 1930 (paragraph 1727), but an internal revenue tax of 2 cents a pound was imposed under the provisions of section 701 of the Revenue Act of 1936. We set out for convenience of reference the provisions of the acts in question.

Tariff Act of 1930.

PAR. 1727. Oil-bearing seeds and nuts: Copra, hempseed, kapok seed, palm nuts, palm-nut kernels, tung nuts, rapeseed, rubber seed, perilla and sesame seed; seeds and nuts, not specially provided for, when the oils derived therefrom are free of duty.

Revenue Act of 1936.

SEC. 701. TAX ON CERTAIN OILS.

The first sentence of section 601 (c) (8) of the Revenue Act of 1932, as amended, is amended to read as follows:

"(8) Whale oil (except sperm oil), fish oil (except cod oil, cod-liver oil, and halibut-liver oil), marine-animal oil, tallow, inedible animal oils, inedible animal fats, inedible animal greases, fatty acids derived from any of the foregoing, and salts of any of the foregoing; all the foregoing, whether or not refined, sulphonated, sulphated, hydrogenated, or otherwise processed, 3 cents per pound; sesame oil provided for in paragraph 1732 of the Tariff Act of 1930, sunflower oil, rapeseed oil, kapok oil, hempseed oil, perilla oil, fatty acids derived from any of the foregoing or from linseed oil, and salts of any of the foregoing; all the foregoing, whether or not refined, sulphonated, sulphated, hydrogenated, or otherwise

processed, 4½ cents per pound; any article, merchandise, or combination (except oils specified in section 602½ of the Revenue Act of 1934, as amended), 10 per centum or more of the quantity by weight of which consists of, or is derived directly or indirectly from, one or more of the products specified above in this paragraph or in section 602½ of the Revenue Act of 1934, as amended, a tax at the rate or rates per pound equal to that proportion of the rate or rates prescribed in this paragraph or such section 602½ in respect of such product or products which the quantity by weight of the imported article, merchandise, or combination, consisting of or derived from such product or products, bears to the total weight of the imported article, merchandise, or combination; hempseed, perilla seed, rapeseed, sesame seed, and kapok seed, 2 cents per pound."

The importer in his protest claims that the goods are free under said paragraph 1727 and, further, that section 701, *supra*, is not applicable. Alternative claims are set forth but not relied on. At the hearing at the port of Chicago the attorney for the importer stated that they were not protesting against the action of the collector in so far as it involved paragraph 1727, *supra*, but the claim was that the merchandise "is not sesame seed because it has lost its germinating properties so that it is not seed of any kind," and also "that the merchandise is not used for oil bearing or oil processing, and that the only kind of seed which Congress contemplated under Section 701, is oil bearing. For both these reasons it is claimed it is not subject to the tax under the Revenue Act."

Plaintiff contends in his brief that the principle laid down by this court in the case of *Albers Bros. Milling Co.* v. *United States*, 2 Cust. Ct. 194, C. D. 122, is applicable here. There we held that certain kaoliang seed which had been kiln dried, and which when tested showed only 54 per centum germination, was not classifiable for customs purposes as seed. That holding was predicated upon an earlier ruling of the Court of Customs and Patent Appeals in the case of *United States* v. *Albers Bros. Milling Co. et al.*, 19 C. C. P. A. (Customs) 88, T. D. 45226, where the court laid down the rule that the seeds involved in paragraph 763 of the Tariff Act of 1930, which covers "grass seeds and other forage crop seeds" as far *as affected the issue there involved*, "are only to be regarded as seeds if they still retain their germinating qualities."

In the *Albers Bros. Milling Co.* case reported in 2 Cust. Ct., *supra*, the importer sought to and did escape the classification made by the collector as "grass seeds and other forage crop seeds" by proof that the kaoliang seed there involved was lacking in germinating qualities sufficient to constitute a grass or forage crop seed, and, being unenumerated, it was therefore classified as an unenumerated unmanufactured article. In neither paragraph 1727 of the tariff act nor in section 701 of the Internal Revenue Act of 1936 is there anything to indicate that the classification depends upon the vitality of the seed in question. Therefore that case is not controlling here.

In our opinion the plaintiffs have adopted an inconsistent theory on which to predicate their case. They accept the basic classification of the merchandise as sesame seed, albeit that classification is included in the oil-bearing seed and nut paragraph, yet seek to escape the internal revenue tax of 2 cents a pound assessed upon certain seeds, including sesame seed, on the theory that the internal revenue tax collected could only be assessable if the seed involved were actually used for the extraction of oil, and that, since the seed here in question was not of the type used for that purpose, it ought not to be assessed with the 2 cents a pound rate under said internal revenue act. It would seem that, if sesame seed is an oil-bearing seed for the purpose of one portion of the tariff act, it would be an oil-bearing seed for any other tax connected with the customs department, but in neither of the paragraphs does the classification depend on use. Each paragraph provides *eo nomine* for sesame seed.

For the reasons above set forth we find that plaintiffs' claim should be and the same is hereby overruled.

Judgment will be rendered for the defendant. It is so ordered.