(C. D. 1199)

GALLAGHER & ASCHER CO. *v.* UNITED STATES

United States Customs Court, Third Division

(Decided December 19, 1949)

*Wallace & Schwartz* (*Joseph Schwartz* of counsel) for the plaintiff.
*David N. Edelstein,* Assistant Attorney General (*Dorothy C. Bennett, Richard H. Welsh,* and *Harold L. Grossman,* special attorneys), for the defendant.

Before CLINE, EKWALL, and JOHNSON, Judges

CLINE, Judge: This is a protest, arising at the port of Chicago, against the collector's assessment of duty on merchandise described in the invoice as "Sugar Cocoa Mixture" at 20 per centum ad valorem under paragraph 777 (b) of the Tariff Act of 1930, as modified by the trade agreement with the Netherlands, T. D. 48075, as sweetened cocoa. It is claimed that the merchandise is a nonenumerated manufactured article composed in chief value of unsweetened cocoa and therefore dutiable by virtue of the "component material of chief value" clause of paragraph 1559 as unsweetened cocoa at 1½ cents per pound under paragraph 777 (a), as modified by said trade agreement.

The pertinent provisions of the tariff act are as follows:

PAR. 777. (a) [as modified by the trade agreement with the Netherlands, T. D. 48075] Cocoa and chocolate, unsweetened_____1½¢ per lb., net weight.

(1)

PAR. 777. (b) [as modified by the trade agreement with the Netherlands, T. D. 48075] Cocoa and chocolate, sweetened:

In bars or blocks weighing ten pounds or more each_____2¢ per lb.
In any other form, whether or not prepared, valued at 10 cents or more per pound_____20% ad val.

PAR. 1559. * * * on articles not enumerated, manufactured of two or more materials, the duty shall be assessed at the highest rate at which the same would be chargeable if composed wholly of the component material thereof of chief value; and the words "component material of chief value," wherever used in this Act, shall be held to mean that component material which shall exceed in value any other single component material of the article; and the value of each component material shall be determined by the ascertained value of such material in its condition as found in the article. * * *

At the trial there were introduced into evidence the interrogatories and answers of William E. Hughes taken pursuant to a commission issued by this court (plaintiff's exhibit 1 and plaintiff's illustrative exhibit A). Mr. Hughes stated therein that he was the general manager and part owner of Extractor y Sabores, the exporter of the merchandise herein; that he had personal knowledge of the ingredients used, the process employed, and the cost of production of the within merchandise; that he accepted the order, priced the merchandise, issued the production order and formula; that the merchandise consisted of one part of natural process cocoa and six parts of granulated cane sugar; that the ingredients were introduced into a mixing device where they were mechanically mixed; that the cost of the sugar was $0.04765 per pound and of the cocoa $0.29116 per pound.

During the course of the trial counsel for the plaintiff referred to a Bureau of Customs ruling issued after the date of entry of the imported merchandise (T. D. 51100) and introduced into evidence the letter containing the ruling (plaintiff's collective exhibit 2). The published ruling states:

(2) *Mixtures of sugar and cocoa.*—A mixture of sugar and cocoa containing approximately 80 per centum to 90 per centum of sugar is dutiable under the provision for "sugar, after being refined, when tinctured, colored, or in any way adulterated" at the rate of 40 per centum ad valorem under paragraph 506, Tariff Act of 1930, rather than as sweetened cocoa at the rate of 20 per centum ad valorem under paragraph 777 (b) of the tariff act, as modified pursuant to the Netherlands Trade Agreement.

This classification was not adhered to in the instant case because it would have resulted in assessment of duty at a higher rate than the previous administrative practice. When the Bureau of Customs letter was offered into evidence, the following statements were made by counsel:

MR. GROSSMAN: If the court please, normally I would object to this document on many grounds, but if this is merely being offer [sic] for the purposes of argument, I will make no objection to it. If it is being offered as evidence in the trial, I will have to make my objections to this document because this document is not

the best evidence; it is a copy; it is not signed by any particular individual, and in my opinion it is not binding upon this court or the Attorney General's office. It is certainly not the best evidence under any circumstances, and I believe it is incompetent, irrelevant, and immaterial. As I have said, if it is merely going in as argument in line with the rest of the speech made by plaintiff's counsel, I have no objection to it.

MR. SCHWARTZ: I think that Mr. Grossman is quite correct in stating that the letter is not evidence and it is not offered as proof of any facts stated therein. It is simply offered so that the court may know the basis of the ruling of the Bureau of Customs.

MR. GROSSMAN: On that basis the Government has no objection to its admission.

JUDGE JOHNSON: It may be received. Mark it.

There was also received into evidence a pamphlet issued by the Department of Agriculture in November 1936, containing definitions and standards for food products adopted as a guide for Department officials in enforcing the Food and Drugs Act (plaintiff's exhibit 3). The following definition is stated therein (p. 18):

9. SWEET COCOA, SWEETENED COCOA. Cocoa mixed with sugar and/or dextrose. It contains not more than 65 percent of total sugars in the finished product, and, on the moisture-, sugar-, and fat-free basis, no greater percentage of total ash, ash insoluble in hydrochloric acid, or crude fiber, respectively, than is found in moisture- and fat-free chocolate.

Defendant introduced into evidence the official sample of the merchandise involved herein (defendant's exhibit 4) and two reports of the United States Customs Laboratory, one showing the total sugars in the merchandise to be 92.87 per centum and the other showing it to be 83.98 per centum (defendant's exhibits 5 and 6).

The chief issue herein is whether or not the merchandise is "sweetened cocoa." In common understanding a sweetened product is that product plus sugar or some other sweetening. The merchandise herein consists of cocoa plus sugar. However, it is claimed that a mixture containing six parts of sugar to one part of cocoa is no longer "cocoa." It was apparently for this reason that T. D. 51100 was issued changing the classification of such mixtures from "sweetened cocoa" to "sugar, after being refined, when tinctured, colored, or in any way adulterated."

The sample herein (defendant's exhibit 4) consists of cocoa particles and sugar granules. It does not have the texture of ordinary breakfast cocoa; it is lighter in color; the presence of sugar can be detected by a casual glance; and it is very sweet to the taste. In appearance the product is not sweetened cocoa as commonly understood.

According to the pamphlet of the Department of Agriculture giving definitions and standards for food products to be used by the Department (plaintiff's exhibit 3), sweetened cocoa contains no more than 65 per centum of sugar. Since the merchandise herein contains

from 83.98 to 92.87 per centum of sugar, it is not sweetened cocoa within that definition. While standards established by the Department of Agriculture are not necessarily controlling in customs procedure, they have been held pertinent in determining the identity of particular products. *United States* v. *Nagase*, 11 Ct. Cust. Appls. 144, T. D. 38939; *United States* v. *Ayrton Metal Co., Inc.*, 30 C. C. P. A. 94, C. A. D. 221; *C. J. Tower & Sons* v. *United States*, 14 Cust. Ct. 94, C. D. 919 (appeal dismissed 33 C. C. P. A. 190); *C. S. Emery & Co.* v. *United States*, 19 Cust. Ct. 16, C. D. 1061.

In view of the Department of Agriculture definition and an examination of the sample, we hold that the merchandise herein is not "sweetened cocoa" as that term is commonly understood and is therefore not dutiable as such under paragraph 777 (b) of the Tariff Act of 1930, as modified by the trade agreement with the Netherlands, T. D. 48075.

No claim is made that the merchandise is properly dutiable as "sugar, after being refined, when tinctured, colored, or in any way adulterated" under paragraph 506, as ruled by the Bureau of Customs in T. D. 51100, nor is there any evidence to support such a classification, since the letter from the Bureau of Customs (plaintiff's collective exhibit 2) was not offered or received as proof of any facts stated therein.

On the record herein we hold that the merchandise is a mixture of unsweetened cocoa and sugar; that it contains from 83.98 to 92.87 per centum of total sugars; that unsweetened cocoa is the component material of chief value; that it is classifiable as a nonenumerated manufactured article and is dutiable by virtue of the "component material of chief value" clause of paragraph 1559 as unsweetened cocoa at 1½ cents per pound under paragraph 777 (a) of the Tariff Act of 1930, as modified by the trade agreement with the Netherlands, T. D. 48075. The protest is sustained and judgment will be rendered accordingly.