(C. D. 1613)

JOHN L. WESTLAND & SON, INC. *v.* UNITED STATES

United States Customs Court, Third Division

(Decided May 6, 1954)

*Lawrence & Tuttle* (*Carlos M. Teran* and *Charles F. Lawrence* of counsel) for the plaintiff.

*Warren E. Burger*, Assistant Attorney General (*Charles J. Wagner, Mollie Strum*, and *William J. Vitale*, trial attorneys), for the defendant.

Before EKWALL and JOHNSON, Judges

EKWALL, Judge: The merchandise involved in this case, described on the invoice as "Fava Beans," was entered for consumption on

March 16, 1949, as dried beans, not specially provided for, at 1½ cents per pound under paragraph 765 of the Tariff Act of 1930, as modified by the General Agreement on Tariffs and Trade, T. D. 51802, and the President's proclamation of March 8, 1949, T. D. 52167. Duty was assessed by the collector at the rate of 3 cents per pound under paragraph 765, as originally enacted, on the ground that the reduced rate provided for in the trade agreement applied only to dried beans entered for consumption during the period from May 1 to August 31, inclusive, in any year. It is claimed in the protest, as amended, first, that duty should have been assessed at the reduced rate under the trade agreement, and, second, that the merchandise is properly dutiable at 1½ cents per pound under paragraph 763 of the Tariff Act of 1930, as other vetch seed. The latter claim is the one now relied upon by the plaintiff. The former claim is untenable since the merchandise was not entered during the period when the reduced rate was in force, and is overruled.

The pertinent provisions of the tariff act are as follows:

PAR. 765. Beans, not specially provided for, * * * dried, 3 cents per per pound; * * * .

PAR. 763. Grass seeds and other forage crop seeds: Alfalfa, 8 cents per pound; alsike clover, 8 cents per pound; crimson clover, 2 cents per pound; red clover, 8 cents per pound; white and ladino clover, 6 cents per pound; sweet clover, 4 cents per pound; clover, not specially provided for, 3 cents per pound; millet, 1 cent per pound; orchard grass, 5 cents per pound; rye grass, 3 cents per pound; timothy, 2 cents per pound; hairy vetch, 3 cents per pound; other vetch, 1½ cents per pound; bent-grass (genus agrostis), 40 cents per pound; bluegrass, 5 cents per pound; tall oat, 5 cents per pound; all other grass and forage crop seeds not specially provided for, 2 cents per pound: *Provided*, That no allowance shall be made for dirt or other impurities in seed of any kind.

The evidence presented by plaintiff in support of its contention consists of a sample of the merchandise (plaintiff's exhibit 2) and a report of Bernard A. Friedman, plant pathologist of the United States Department of Agriculture, Bureau of Animal Industry, identifying the merchandise (plaintiff's exhibit 3). The items in the sample appear to be dried brown beans about an inch long and a half inch wide. The report states that the material is "dried fava beans (Vicia faba)."

Defendant called two witnesses: Enoch Soderberg, vice president of Aggler & Musser Seed Co., and W. S. Wilkinson, district manager for the Ferry-Morse Seed Co.

Mr. Soderberg testified that he has been in the wholesale seed business for 39 years and has bought and sold throughout the United States all types of field, vegetable, and flower seeds, including vetch seed. His territory during the greater part of his experience, up to the early forties, was the San Joaquin Valley in California.

The following definitions of "vetch" were read to the witness:

[Webster's New International Dictionary, Unabridged, Second Edition]:

a  Any plant of the genus *Vicia*, some species of which are valuable for fodder. The common vetch (*V. sativa*) of Europe, often called spring vetch, is naturalized in North America; the American vetch, or buffalo pea, is *V. americana.*

b  Any of numerous other plants of related genera, as the chickling vetch, horseshoe vetch, kidney vetch, etc.

[Webster's New Collegiate Dictionary, copyrighted 1951 by G. &. C. Merriam Co.]:

Any of a genus (*Vicia*) of plants, some species of which are valuable for fodder.

Mr. Soderberg testified that in his commercial experience the meaning of the term "vetch" was the same as the dictionary definitions, "For vetch, * * * but not for fava beans."

The witness identified the merchandise in plaintiff's exhibit 2 as fava beans and stated that he had dealt with such beans ever since he went into the seed business. In his experience, they are bought and sold as fava or faba beans, broad Windsor beans, or horse beans, but are never sold as vetch. Such beans are shelled and used for human consumption like Lima beans. Vetch is not eaten by humans, but is used as a cover crop, that is, the plants are plowed under for fertilizer, or it is used as a hay crop.

Mr. Soderberg stated that the seed of vetch, as commonly known, runs from one-eighth to five-eighths of an inch in diameter. He identified a sample, marked defendant's illustrative exhibit A, as common gray vetch, which he said was representative of a type of vetch. The sample contains round, gray-brown seeds, about three-eighths of an inch in diameter. The witness said that there are probably 50 varieties of vetch, but that the fava bean is not one of them. He said that vetch, as known in the trade, consists of such seeds as are valuable for fodder or for crop purposes. He would not accept a shipment of dried fava beans on an order for any kind of vetch seeds.

The court read to the witness the following definition of "vetch" from Funk & Wagnalls College Standard Dictionary, copyrighted in 1947 and 1950:

Any of a genus (*Vicia*) of climbing herbaceous vines of the bean family, especially the common broad bean (*V. faba*) grown for fodder.

The witness did not agree with this definition from a commercial point of view on the ground that the horse-bean plant is not a vine, but a straight growing plant. He said that the fava bean is chiefly used for human consumption, but is sometimes used as a manure crop, but never as animal fodder in this country. The type of fava bean used for manure is a small bean, called the bell bean.

W. S. Wilkinson testified that he has been with the Ferry-Morse Seed Co. since April 1929, and previously had been a seed specialist for the California Department of Agriculture. He said that he is familiar with vetch seed, of which there are a great many varieties.

The ones referred to in the trade as vetch are primarily used as green manure crops, cover crops, or hay or forage crops. Merchandise such as plaintiff's exhibit 2 is called the broad Windsor bean, horse bean, fava bean, or English horse bean, and is not bought and sold as vetch. He would not consider it acceptable on an order for any type of vetch seed.

The witness explained that in the trade vetch refers to most of those varieties of *Vicia* which are vinelike, have tendrils, and are climbing, and which are adapted to use as a green manure or as a forage crop. The merchandise involved herein is a specialized type used for human consumption as a vegetable item, or, in the dried form, as a coffee substitute. It is rarely used as a forage crop because of the small yield. However, one type developed from the fava bean, a small bean, the size of a large pea, called the bell pea or bean, is used for cover crop or green manure purposes.

The witness did not agree with the definition of vetch in Funk & Wagnalls College Standard Dictionary, *supra*, on the ground that the broad bean is not a climbing vine. He agreed that it is grown for fodder, but in varying degrees in varying areas. He explained that this bean is produced in California for dual purposes. It is grown primarily for human consumption, and, if the market is good, it is harvested as a vegetable, but, if the market is poor, it is diverted to forage or cover crop purposes.

Mr. Wilkinson testified that in his experience the grass and forage crop seeds enumerated in paragraph 763 fall into three classifications: Those planted primarily for the production of hay crops, those planted for pasture crops, and those planted for soil renovation, such as green manure crops. Vetch seeds, he said, fall primarily within the class of items used to produce manure crops, and secondarily among those used as forage crops.

On this record, plaintiff contends that the imported merchandise is dutiable as other vetch seed under paragraph 763 on the ground that the fava bean (*Vicia faba*) is commonly known as vetch. Defendant's position is that such beans do not fall within the common, commercial, or legislative meaning of the term "vetch."

Since this merchandise has been classified as beans, it is incumbent upon plaintiff to establish that the collector's action was erroneous and that the merchandise is, in fact, vetch seed. *United States* v. *Albers Bros. Milling Co.*, 35 C. C. P. A. (Customs) 119, C. A. D. 380; *Davies, Turner & Co.* v. *United States*, 40 C. C. P. A. (Customs) 193, C. A. D. 517. This we think plaintiff has failed to do.

The merchandise, on examination, resembles well-known beans. The authorities are in agreement that the term "bean" includes the broad bean (*Vicia faba*); that, in fact, that commodity is the bean of history or even prehistory. Webster's New International Dictionary

(1951 edition); Funk & Wagnalls New Standard Dictionary (1942 edition); The Encyclopedia Americana, volume 3, page 377; Collier's Encyclopedia, volume 3, page 263. Therefore, in order to take the imported merchandise out of the classification "beans," something more must be shown than that it is called *Vicia faba*.

It has been held that the determining factor in tariff cases involving seeds is the germinating capacity of the merchandise. *United States* v. *Albers Bros. Milling Co. and Geo. S. Bush & Co.*, 19 C. C. P. A. (Customs) 88, T. D. 45226; *Wilbur-Ellis Company* v. *United States*, 28 Cust. Ct. 125, C. D. 1398, and cases there cited. In *Albers Bros. Milling Co.* v. *United States*, 2 Cust. Ct. 194, C. D. 122, the court was of opinion that Congress intended to levy duty under paragraph 763 only on such grass and forage crop seeds as would meet the qualifications for seeds established by the Federal Government. In *United States* v. *Enrique C. Lineiro*, 37 C. C. P. A. (Customs) 5, C. A. D. 410, it was held that the presumption of correctness attaching to the collector's assessment of the commodity as seed had not been overcome, since the plaintiff failed to establish that it consisted of less than 75 per centum of pure, live seed (the standard set up by the Federal Seed Act).

In the instant case, the situation is reversed. It is presumed that the collector has considered the pertinent facts regarding the merchandise (*United States* v. *Ameris Trading Co.*, 41 C. C. P. A. (Customs) 151, C. A. D. 542), and, since he did not classify it as seed, he must have found that it did not have the required germinating capacity. Plaintiff has presented no evidence to show that it did. The merchandise was invoiced and entered as beans, and there is nothing in the official papers to indicate that it was thought of as seed or that the requirements of the Federal Seed Act and the regulations issued thereunder were met. Under the cases cited, it is not entitled to classification as seed under paragraph 763 of the Tariff Act of 1930.

Other considerations also support the collector's classification. The basis of plaintiff's claim is that since this merchandise is fava beans (*Vicia faba*), it is vetch. Lexicographers are not clear on this point. For instance, Webster's New International Dictionary (1951 edition) defines vetch as "any plant of the genus *Vicia*," but it defines Vicia as a genus of climbing herbs "including the vetches and the broad bean (*V. faba*)." Funk & Wagnalls New Standard Dictionary (1942 edition) includes *Vicia faba* under Vicia and defines vetch as any plant of the genus *Vicia*. However, Faba is described as a "genus of plants of the bean family included by some authorities in *Vicia*."

The testimony of the witnesses herein is that this merchandise is bought and sold as fava beans, Windsor beans, broad beans, or horse beans, but not as vetch. In their experience, the term "vetch" is used to refer to those varieties which are climbing vines and which are used

as cover and forage crops. The fava-bean plant, according to their testimony, is not a climbing vine, and the beans are used chiefly for human consumption, although the plant may sometimes be used as a cover crop or for fodder.

In *I. A. Wood* v. *United States*, 61 Treas. Dec. 1197, T. D. 45720, it was held that horse beans were properly dutiable under paragraph 765 as beans, since the importer did not establish that the merchandise was chiefly used as fertilizer at or prior to the time of importation. In the course of the opinion, the court referred to two bulletins issued by the Department of Agriculture, which stated, respectively, that the only use of the horse bean in the United States has been for vegetable purposes and that, while the horse bean was related to the vetches, it was quite different from most of them in general appearance.

In our view, it has not been established that this merchandise is commonly or generally known as "vetch." Consequently, it does not fall within the common meaning of that term as used in the tariff act. *Transcontinental Seed, Inc., et al.* v. *United States*, 29 Cust. Ct. 163, C. D. 1462. No different commercial meaning was shown.

Another consideration is that the provision for vetch seed is included in a paragraph covering grass and other forage crop seeds. In the Summary of Tariff Information, 1929, compiled by the United States Tariff Commission for the use of Congress in preparing the Tariff Act of 1930, it is stated (p. 1369):

Vetch, an annual legume, is a minor crop grown for forage—often as a catch crop to supplement shortages of other forages—as a cover crop, and for green manure. There are two main types, hairy and common (spring). Hairy vetch seed is used mostly for planting; common (spring) vetch seed for planting and feed.

This is some indication that Congress recognized as "vetch," a legume used as a forage or cover crop, but not beans used for human consumption. According to the witness Wilkinson, all of the seeds provided for in paragraph 763 may be classified as hay, pasture, or manure crop seeds. The instant merchandise is a different commodity and is used for a different purpose.

Standards established by the Department of Agriculture are pertinent to the determination of the identity of commodities. *Gallagher & Ascher Co.* v. *United States*, 24 Cust. Ct. 1, C. D. 1199, and cases there cited. Under the rules and regulations issued by the Secretary of Agriculture under the Federal Seed Act, certain vetches have been included under agricultural seeds (grass, forage, and field crop seeds), but the horse or broad bean (*Vicia faba*) has been included among the vegetable seeds. 7 Code of Federal Regulations 201.2 (h and i).

We conclude that Congress did not intend that fava beans (*Vicia faba*) should be classified as vetch seed under a paragraph (763) which covers grass and forage crop seeds.

For the reasons stated, we hold that the within merchandise, fava beans, was properly classified by the collector under paragraph 765 of the Tariff Act of 1930, at 3 cents per pound, as dried beans, not specially provided for.

The protest is overruled and judgment will be rendered for the defendant.